# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## (SOUTHERN DIVISION)

| | |
|---|---|
| **DARLENE HARDY,** | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | )    Civil Case No.: GLS-19-1219<br>) |
| **UNITED STATES OF AMERICA,** et al., | )<br>)<br>) |
| **Defendants.** | )<br>) |

## MEMORANDUM OPINION

On April 25, 2019, Plaintiff Darlene Hardy ("Plaintiff") filed a complaint against Defendants the United States of America (U.S. Postal Service), Jacqueline Magwaga and Lynne Jackson ("Defendants"). (ECF No. 1). The complaint alleges negligence by the Defendants in connection with a four-vehicle accident that occurred on August 5, 2016. (*Id.*, ¶ 10).

On November 15, 2019, Defendants filed a "Joint Motion to Dismiss Suit for Plaintiff Not Being the Real Party in Interest" ("Joint Motion") pursuant to Fed. R. Civ. P. 17(a). (ECF No. 43). A memorandum of law and several exhibits support Defendants' Motion (ECF Nos. 43-1 – 43-6). To date, this Court has not received any opposition from the Plaintiff, nor has this Court heard from the bankruptcy trustee.

This Court finds that no hearing is necessary to resolve the motion. *See* Local Rule (L.R.) 105.6. For the reasons set forth more fully below, Defendants' motion is denied without prejudice, and Defendants have a right to renew their motion after notifying the Office of the United States Trustee, as set forth more fully below.

## I. BACKGROUND

In their Joint Motion, Defendants assert that on February 8, 2019, Plaintiff filed a Voluntary Petition for Bankruptcy ("Voluntary Petition") in the District of Maryland (Southern Division) under Chapter 7, which carries Case No 19-11699 ("Bankruptcy Case"). (*See* ECF Nos. 43-4, 43-5). Although the Voluntary Petition was filed through counsel[1] and under penalty of perjury, Plaintiff did not disclose her potential negligence claim. Instead, the argument continues, Plaintiff answered "no" to the question that asked her to identify whether she had any potential claims against third parties, regardless of whether a lawsuit had been filed. (ECF Nos. 43-1, 43-4, p. 14). Although the bankruptcy case predated Plaintiff's filing of the instant negligence action, Defendants maintain that Plaintiff never amended her Voluntary Petition before her bankruptcy was discharged on May 14, 2019, and her case was closed on June 13, 2019. (ECF Nos. 43-1, p.2, 43-5, pp.5-6).

According to Defendants, the negligence claim is part of the bankruptcy estate, which only the bankruptcy trustee can pursue. Put another way, because Plaintiff is not the real party in interest, she cannot pursue this negligence case. (ECF No. 43-1, pp. 4-5).

In addition, Defendants suggest that dismissal of the complaint with prejudice is now warranted. In particular, Defendants objected to this lawsuit on September 24, 2019 (ECF No. 32). Defendants aver that on the same day "Plaintiff's counsel. . . spoke with the bankruptcy trustee, Janet M. Nesse, and advised her of this litigation." (ECF No. 43-1, p. 2). Thus, because the bankruptcy trustee had not ratified, joined, or sought to be substituted as a plaintiff in this action, a reasonable amount of time has elapsed, such that dismissal is proper under Fed. R. Civ. P. 17(a)(3). (*Id*. at pp. 7-8).

---

[1] The attorney who assisted Plaintiff with her bankruptcy filing is not counsel of record in this case.

## II. DISCUSSION

### A. Relevant Statutes and Case Law

It is well established that a debtor who files for bankruptcy under Chapter 7 of the Bankruptcy Code must disclose all assets, including potential legal claims. *See* 11 U.S.C. §521(a)(1)(B)(i). In addition, property of a bankruptcy estate encompasses "all kinds of property, including intangibles." *Bogdan v. JKV Real Estate Servs.*, 414 F.3d 507, 512 (4th Cir. 2005)(citation omitted). Thus, a tort claim, and the facts related thereto, constitute "intangible assets that must be disclosed to the bankruptcy court in a voluntary bankruptcy petition." *Jones v. Safeway*, Case No. ELH 12-03547, 2014 WL 6871586, at *11 (D. Md. Dec. 3, 2014)(citation omitted); *see also Bogdan*, *supra*, 414 F.3d at 512.

Where a debtor fails to disclose a cause of action in her petition, that action, nevertheless, becomes a part of the bankruptcy estate, and only a bankruptcy trustee may pursue it. *See Nat'l Am. Ins. Co. v. Ruppert Landscaping Co., Inc.,* 187 F.3d 439, 441 (4th Cir. 1999); *see also Robertson v. Flowers Banking Co. of Lynchburg, LLC*,2012 WL 830097, at *3 (W.D. Va. March 6, 2012), *aff'd*, 474 Fed. Appx. 242 (4th Cir. 2012)(per curiam). This is also true for causes of action that accrue before a petitioner files for bankruptcy. *See Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2nd Cir. 2008) (even if debtor's schedule fails to disclose a cause of action that accrues before the filing of the petition, that action remains part of the bankruptcy estate, even if the bankruptcy case is closed).

In addition, there are only certain ways in which property belonging to the bankruptcy estate can be abandoned. Specifically, a trustee may abandon property of the estate "that is burdensome to the estate or that is of inconsequential value" after "notice and a hearing." *See* 11 U.S.C. §§ 554(a), 554(b); *see also Nicholas v. Green Tree Servicing, LLC*, 173 F.Supp.3d 250,

257 (D. Md. Mar. 25, 2016) (abandonment by the trustee requires notice to the creditors and a hearing).

Moreover, Fed. R. Civ. P. 17(a)(3) provides that:

A court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted in the action.

An "objection" occurs when a party files a motion to notify "the erring party of the error regarding real parties in interest." *Holland v. United* States, 62 Fed. Cl. 395, 405-06 (Fed. Claims 2004). What constitutes "reasonable time," is within a court's discretion to decide, and "will depend upon the facts of each case." *Wieburg v. GTE Southwest, Inc.*, Case No. 98-2057, 2002 U.S. Dist. LEXIS 18141, at *6 (N.D. Tx. Sept. 26, 2002)(citation omitted).

**B. Analysis**

I find that the cause of action in this case accrued before Plaintiff filed for bankruptcy on February 8, 2019 (*See* ECF No. 1, ¶ 10). Plaintiff's complaint in the instant action was filed on April 25, 2019, (*Id.*), and the tort claim is an intangible asset of the bankruptcy estate, which Plaintiff was required to disclose in her Voluntary Petition. *Jones*, *supra*, 2014 WL 6871586, at *11; *see also Bogdan*, *supra*, 414 F.3d at 512. In addition, only the bankruptcy trustee may pursue the negligence tort claim, as the bankruptcy trustee is the real party in interest. *See Ruppert Landscaping Co., Inc., supra,* 187 F.3d at 441; *see also Ruffin v. Lockheed Martin Corp.,* Case No. WDQ 13-2744, 2014 U.S. Dist. LEXIS 67148, at *17 (D. Md. May 15, 2014)( only bankruptcy trustee had standing to pursue the EEOC discrimination charge, the asset of the bankruptcy estate).

Moreover, Plaintiff has not filed a responsive pleading at any point while this Joint Motion has been pending, i.e., for approximately 90 days. And, to date, Plaintiff has not notified the Court that she has moved the bankruptcy court to reopen her estate to add this lawsuit, nor has she told

4

the Court that she has asked the bankruptcy trustee to ratify, join, or be substituted in this action. Thus, the Court finds that Plaintiff has abandoned her pursuit of this lawsuit.

Nevertheless, while Defendants argue that "Plaintiff's Counsel spoke with the bankruptcy trustee. . . on or about September 24, 2019, and advised her of this litigation," (ECF No. 43-1, p. 11), I do not find that my analysis ends there. It is true that the Court has not heard from the Bankruptcy Trustee, Ms. Nesse, at any point after September 24, 2019, the date on which Defendants objected to this lawsuit. However, I do not find that to be surprising. A review of the bankruptcy docket reflects that Ms. Nesse ceased to be the trustee in the Bankruptcy Case by no later than June 13, 2019, after her report had been filed and the final decree was entered by U.S. Bankruptcy Judge Thomas Catliota (*See* ECF No. 43-5, pp. 5-6). As such, the bankruptcy trustee was no longer obligated or independently empowered to act in the Bankruptcy Case. The record presently before me contains a vague reference "[the bankruptcy trustee was] advised of this litigation;" however, there is a lack of meaningful information as to what that phrase means. What was the bankruptcy trustee told? Was she told only about the existence of the lawsuit? Was she told about the lawsuit and Defendants' intention to move for dismissal of this case? Similarly, the record is devoid of any notice to the Office of the United States Trustee. Absent true notice, I cannot, at this juncture, grant the motion to dismiss.[2]

Relatedly, then, I do not find that the U.S. Trustee has been given a reasonable time, following Defendants' objection, to ratify, join, or be substituted in the instant action. Similarly, I do not find that the U.S. Trustee has affirmatively abandoned its intangible asset, the tort claim. As stated previously, I believe that abandonment by the U.S. Trustee requires notice and a hearing, neither of which occurred here. *See* 11 U.S.C. §§ 554(a), (b).

---

[2] In the cases cited by the Defendants, the notice provided to the bankruptcy trustees was clear. *See, e.g., Ruffin*, 2014 U.S.Dist. LEXIS 67148, at *17, n. 10; *Jones*, 2014 U.S. Dist. LEXIS 167150, at *13.

Accordingly, at this juncture, I will **DENY** Defendants' Joint Motion (ECF No. 43), without prejudice. The Defendants will have 30 days from the docketing of this Memorandum Opinion and Order to provide the Office of the U.S. Trustee with a letter notify the Trustee of their motion, this Court's Order, and a copy of the complaint. If the U.S. Trustee declines to join or intervene, or affirmatively abandons the claim, then Defendants may renew their motion to dismiss.[3]

Dated: February 12, 2020

/s/<br>
The Honorable Gina L. Simms<br>
United States Magistrate Judge

---

[3] In light of my ruling, I decline to determine whether Plaintiff's failure to include the instant action on her Voluntary Petition was intentional, and will not address the judicial estoppel argument advanced by Defendants.